J-S54041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAMES STEVENSON, | : | |
| | : | |
| Appellant | : | No. 173 WDA 2016 |

Appeal from the Judgment of Sentence January 20, 2016
in the Court of Common Pleas of Fayette County,
Criminal Division, No(s): CP-26-CR-0000218-2015

BEFORE: BENDER, P.J.E., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED AUGUST 04, 2016**

James Stevenson ("Stevenson") appeals from the judgment of sentence imposed following his convictions of six counts of recklessly endangering another person ("REAP"); and one count each of criminal attempt (homicide), aggravated assault, possession of a firearm prohibited, firearms carried without a license, discharge of a firearm into an occupied structure, terroristic threats, criminal mischief, and driving while operating privilege suspended.[1] We affirm.

On January 4, 2015, around 2:00 a.m., Stevenson went to the apartment of Darla Bryan ("Bryan") and Blaine Sullenberger ("Sullenberger"), located at 121 Main Street in Belle Vernon. Bryan and Sullenberger had been caring for Stevenson's dog in their apartment for a week. However, earlier that day, the dog escaped and ran away. Upon

---

[1] **See** 18 Pa.C.S.A. §§ 2705, 901(a), 2501, 2702(a)(1), 6105(a)(1), 6105(a)(1), 2707.1(a), 2706(a)(1), 3304; 75 Pa.C.S.A. § 1543(a).

learning this, Stevenson became angry and an argument ensued. The argument escalated into a physical altercation between Stevenson and Sullenberger. After the tussle ended, Stevenson left the apartment, informing Bryan and Sullenberger that he would be back. Bryan then instructed her neighbor, Arthur Cicchitto ("Cicchitto"), to call the police.[2]

Approximately one minute after Stevenson left the apartment, Bryan, while standing on the porch, saw Stevenson walking toward her, armed with a gun. Stevenson approached Bryan, placed the gun barrel to her temple, and stated, "have a nice death, bitch." However, Stevenson became distracted when Sullenberger opened the front door to the apartment building, armed with a bat. Stevenson then fired four or five shots towards the front door. Fortunately, however, none of the bullets struck anyone. Stevenson then fled in his truck, stating that he would be back to "finish the job." Later, while the police were at the scene, Sullenberger saw Stevenson in his truck on the street. Sullenberger informed the police as to Stevenson's presence, but the truck then "took off." Later, the police arrested Stevenson.

Following trial, the jury found Stevenson guilty of the above-mentioned crimes. The trial court sentenced Stevenson to an aggregate sentence of fifteen to thirty years in prison. Stevenson filed a Post-Sentence

---

[2] Cicchitto and Bryan's apartments were located in the same building, on separate floors. Additionally, three of Cicchitto's children were inside of the building at the time.

Motion and a Motion for New Trial. The trial court denied the Motions. Stevenson filed a timely Notice of Appeal. Thereafter, Stevenson filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal.

On appeal, Stevenson raises the following issues:

[1.] [Did] the Commonwealth fail[] to present evidence demonstrating [Stevenson's] intent to [cause] [] death or serious bodily injury to [] Sullenberger[?]

[2.] [Did] the Commonwealth fail[] to present evidence demonstrating that [Stevenson] carried or possessed a firearm or that he intentionally, knowingly or recklessly discharged a firearm into an occupied structure on January 4, 2015[?]

[3.] [Did] the Commonwealth fail[] to present evidence demonstrating that [Stevenson] communicated a threat to commit a crime of violence with the intent to terrorize [] Bryan[?]

[4.] [Did] the Commonwealth fail[] to present evidence demonstrating that [Stevenson's] conduct placed any of the residents of 121 Main Street in danger of death or serious bodily injury on January 4, 2015[?]

[5.] [Was] the jury verdict [] against the weight of the evidence[?]

[6.] Whether the trial court erred in overruling defense counsel's [M]otion for mistrial[,] when the officer testified that [Stevenson] refused to make a statement at the time of his arrest in violation of [Stevenson's] right to remain silent[?]

Brief for Appellant at 7 (some capitalization omitted).

In his first four claims, Stevenson alleges that the evidence was insufficient to sustain his convictions. *Id.* at 11-16. The standard of review for a sufficiency of the evidence claim is as follows:

- 3 -

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial the in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Talbert*, 129 A.3d 536, 542-43 (Pa. Super. 2015) (citation and brackets omitted).

In his first claim, Stevenson contends that the evidence was insufficient to support his criminal attempt and aggravated assault convictions. *See* Brief for Appellant at 10-12. Stevenson argues that the Commonwealth failed to present evidence that he attempted to cause death or serious bodily injury to Sullenberger. *Id.* at 10. Stevenson asserts that the gun matching the slugs and shell casing found at the scene were never recovered, and that there were no fingerprints or DNA to connect him to the crime scene. *Id.* at 11. Stevenson claims that the swabs taken from the steering wheel and door handle of his vehicle were never tested for gunshot residue. *Id.* at 12. Stevenson additionally asserts that the investigation of

the crime scene did not take place until more than 24 hours after the incident occurred. *Id.*

"[A] person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). "For the Commonwealth to prevail in a conviction of criminal attempt to commit homicide, it must prove beyond a reasonable doubt that the accused[,] with a specific intent to kill[,] took a substantial step towards that goal." *Commonwealth v. Robertson*, 874 A.2d 1200, 1207 (Pa. Super. 2005). "[A] specific intent to kill can be inferred from the fact that the accused used a deadly weapon to inflict injury to a vital part of the victim's body." *Id.* (emphasis omitted).

"A person is guilty of aggravated assault if he … attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 2301. Further,

> where the victim does not sustain serious bodily injury, the Commonwealth must prove that the appellant acted with specific intent to cause serious bodily injury. The Commonwealth may prove intent to cause serious bodily injury by circumstantial

evidence. In determining whether the Commonwealth proved the Appellant had the requisite specific intent, the fact-finder is free to conclude the accused intended the natural and probable consequences of his actions to result therefrom. A determination of whether an appellant acted with intent to cause serious bodily injury must be determined on a case-by-case basis.

*Commonwealth v. Holley*, 945 A.2d 241, 247 (Pa. Super. 2008) (citation and brackets omitted).

Here, Stevenson became angry at Sullenberger after Stevenson's dog escaped while in Sullenberger's care. N.T., 1/12/16, at 14-17. Stevenson and Sullenberger engaged in a scuffle, during which Stevenson punched Sullenberger in the face. *Id.* at 106. After hitting Sullenberger, Stevenson informed Sullenberger that he had "something" for him and left to retrieve a gun. *Id.* at 18, 107. After he returned, Stevenson approached Bryan, put the gun to her head, and stated "have a nice death, bitch." *Id.* at 22. Thereafter, Stevenson fired multiple shots in the direction on Sullenberger. *Id.* at 23, 87, 111-12.

The evidence, viewed in a light most favorable to the Commonwealth, demonstrated that Stevenson took a substantial step in attempting to kill and/or cause the serious bodily injury of another, when he fired the gun at the victims. *See Holley*, 945 A.2d at 249 (concluding that the evidence was sufficient to support the defendant's convictions for attempted murder and aggravated assault where he, while wrestling with a police officer, took the officer's gun and fired a shot, even though the officer was not shot); *see*

*also Commonwealth v. Lopez*, 654 A.2d 1150, 1155 (Pa. Super. 1995) (stating that evidence that defendant, who had an altercation with the victim, returned to the home and fired eight shots into a residence established a *prima facie* case of aggravated assault even though the residence was vacant when the shooting took place). Based on the evidence of the record, there is sufficient evidence to sustain Stevenson's convictions of criminal attempt and aggravated assault.

In his second claim, Stevenson contends that the Commonwealth failed to present evidence demonstrating that he carried or possessed a firearm or that he intentionally, knowingly or recklessly discharged a firearm into an occupied structure.[3] Brief for Appellant at 13. Stevenson contends that the firearm was never recovered and that the investigation did not reveal any forensic evidence that linked him to the shooting, as gunshot residue swab results were never obtained. *Id.* at 14.

Here, the Commonwealth presented undisputed evidence that Stevenson is a "person prohibited by law from possessing, using, controlling, selling, transferring, manufacturing, or obtaining a license to possess, use,

---

[3] The Crimes Code defines "discharge of firearm into an occupied structure" as follows: "a person commits an offense if he knowingly, intentionally, or recklessly discharges a firearm from any location into an occupied structure." 18 Pa.C.S.A. § 2707.1(a). An "occupied structure" is "any structure, vehicle, or place adapted for overnight accommodation of persons or for carrying on business therein, whether or not a person is actually present." *Id.* § 2707.1(d). The only limitation on the location requirement is that the person discharging the gun must be outside of the occupied structure. *Commonwealth v. McCoy*, 962 A.2d 1160, 1169 (Pa. 2009).

control, sell, transfer or manufacture a firearm in the State of Pennsylvania." N.T., 01/12/16, at 10-11. Additionally, Bryan, Cicchitto and Sullenberger testified that Stevenson, while outside, possessed a firearm and fired multiple shots towards the victims and into their residence. *Id.* at 23, 87, 111-12.

This evidence, viewed in the light most favorable to the Commonwealth, demonstrates that Stevenson was in possession of the gun. *See Commonwealth v. Antidormi*, 84 A.3d 736, 757 (Pa. Super. 2014) (concluding that testimony of a single witness was sufficient to sustain persons not to possess firearms conviction); *Commonwealth v. Galindas*, 786 A.2d 1004, 1011 (Pa. Super. 2001) (concluding that the evidence was sufficient to support firearms convictions, despite the fact that the police never recovered a firearm, where witness testimony indicated that the defendant possessed a firearm). The evidence is sufficient to support Stevenson's convictions of possession of firearm prohibited, firearms not to be carried without a license and discharge of firearm into an occupied structure.

In Stevenson's third claim, he contends that the evidence was insufficient to support his terroristic threats conviction. Brief for Appellant at 15. Stevenson argues that the Commonwealth failed to present evidence that Stevenson communicated a threat to commit a crime of violence with the intent to terrorize Bryan. *Id.*

"A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to … commit any crime of violence with intent to terrorize another[.]"  18 Pa.C.S.A. § 2706(a)(1).

Here, Bryan testified that Stevenson approached her, held a gun to her head and stated, "have a nice death, bitch."  N.T., 01/12/16 at 21, 22. Bryan states that Stevenson's actions scared her and put her in fear for her life.  *Id.* at 22-23.  Bryan's testimony is sufficient to support Stevenson's terroristic threats conviction.  *See Commonwealth v. Kelley*, 664 A.2d 123, 128 (Pa. Super. 1995) (concluding that the defendant's threats to "kill" the victim demonstrated that the defendant intended to terrorize the victim); *Commonwealth v. Hudgens*, 582 A.2d 1352, 1358 (Pa. Super. 1990) (holding that the evidence was sufficient to support intent to terrorize victim where the defendant threatened to "stick the victim with the sword" that he was holding in his hand).

In his fourth claim, Stevenson contends that the evidence was insufficient to support his REAP convictions.  Brief for Appellant at 16. Stevenson argues that his conduct did not place any of the residents of 121 Main Street in danger.  *Id.*  Stevenson further asserts that the firearm was never discovered and DNA was never tested.  *Id.*

A person commits REAP "if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury."  18 Pa.C.S.A. § 2705.  "[T]he Crimes Code requires (1) a *mens rea*

- 9 -

of recklessness, (2) an *actus reus*, (3) causation, and (4) the achievement of a particular result, namely danger to another person of death or serious bodily injury." **Commonwealth v. Reynolds**, 835 A.2d 720, 727 (Pa. Super. 2003) (citation omitted).

Here, Stevenson fired his gun four times in the direction of Bryan, Sullenberger, Cicchitto, and Cicchitto's three children. **See** N.T., 01/12/16, at 24, 38, 40, 43, 45, 48, 87, 111-12, 114-16. The evidence is amply sufficient to support Stevenson's six REAP convictions. **See Reynolds**, 835 A.2d at 729 (holding that pointing a loaded gun at victim created the danger of death of serious bodily injury and was thus sufficient to support REAP convictions); **see also Commonwealth v. Peer**, 684 A.2d 1077, 1080 (Pa. Super. 1996) (holding that pointing a loaded gun at a victim was sufficient to support REAP conviction).

In his fifth claim, Stevenson contends that the jury's verdict was against the weight of the evidence because the police did not locate the firearm; the samples taken from Stevenson and his vehicle were never tested; and Stevenson did not arrive at the location of the incident until the morning after the shooting. Brief for Appellant at 17-18.[4]

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the

---

[4] Contrary to the Commonwealth's claim that Stevenson waived this claim for failing to preserve it pursuant to Pennsylvania Rule of Criminal Procedure 607(A), the record reveals that Stevenson raised the weight of the evidence claim in his Motion for New Trial.

trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

In order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Talbert*, 129 A.3d at 545-46 (citations and quotation marks omitted). "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses." *Id.* at 545 (citation and brackets omitted).

Stevenson essentially asks us to reassess the credibility of the witnesses and reweigh the testimony and evidence presented at trial. However, it is well settled that we cannot substitute our judgment for that of the trier of fact. *See id.* Here, the jury found the credible evidence demonstrated that Stevenson possessed a firearm and fired the firearm four times at the residence. Thus, the verdict was not so contrary to the evidence as to shock the conscience, and the trial court properly denied Stevenson's weight of the evidence claim. *See id.* at 546 (stating that the jury found credible evidence that the appellant was the shooter and thus, the verdict did not shock the conscience).

In Stevenson's final claim, he argues that the trial court erred in overruling his oral motion for mistrial made when the prosecutor questioned Stevenson as to whether he made a statement at the time of his arrest. Brief for Appellant at 19. However, Stevenson failed to raise this claim in his Rule 1925(b) Concise Statement; thus the claim is waived. ***See Commonwealth v. Johnson***, 107 A.3d 52, 69 (Pa. 2014) (stating that an issue not raised in Pa.R.A.P. 1925(b) concise statement is waived).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2016