421 A.2d 752

COMMONWEALTH of Pennsylvania, Appellant at No. 1224, Appellee at No. 1304

v.

Terrence NACRELLI, Appellant at No. 1304, Appellee at No. 1224.

Superior Court of Pennsylvania.

Argued Dec. 4, 1979.

Filed Sept. 26, 1980.

340

David E. Fritchey, Assistant District Attorney, Media, for Commonwealth, appellant at No. 1224 and appellee at No. 1304.

Louis J. Sinatra, Media, for appellant at No. 1304 and appellee at No. 1224.

Before SPAETH, CAVANAUGH and O'KICKI, JJ.*

CAVANAUGH, Judge:

During the early morning of December 26, 1978, a fight broke out in a taproom known as the "Fun House" located in Linwood, Delaware County. Four participants were involved, including Terrence Nacrelli (defendant in the court below and an appellant and appellee in the cross appeals in this court) and Peter Riberio, the alleged victim in the criminal case in which Nacrelli was the defendant below. After the fighting started, the police were called and when they arrived Nacrelli and Riberio were in the men's room wrestling on the floor. Nacrelli was on top of Riberio, whose face was badly cut during the fight with a piece of glass which Nacrelli allegedly held in his hand.

As a result of the altercation, criminal complaints charging aggravated assault and related offenses were filed against all four participants. Peter Riberio testified against Nacrelli at a joint preliminary hearing before a district justice after being advised by his own attorney that as a

* President Judge JOSEPH F. O'KICKI, of the Court of Common Pleas of Cambria County, Pennsylvania, is sitting by designation.

defendant he had an absolute right to remain silent. Riberio described the injuries to his face as follows: "As we were on the floor, I felt his hand with glass in it go across my face" (N.T. 40) and further, "All I know, there was a glass in his hand at the time when we were fighting and he used it" (N.T. 40).

Counsel for Nacrelli engaged in extensive cross examination of Riberio and finally Riberio's private counsel advised his client not to answer any more questions as he was a defendant. Riberio invoked his Fifth Amendment right and refused to testify further on cross examination at the preliminary hearing because he was a defendant. (N.T. 64).

Appellant, Nacrelli, was charged with aggravated assault and related offenses. On May 8, 1979, the court below entered an order directing that the Commonwealth shall not call Peter Riberio as a witness at the trial of Defendant Nacrelli as a sanction because Riberio would not allow himself to be cross examined fully at the preliminary hearing. The court based its order on Pa.R.Crim.P. 305(E) which provides as follows:

Rule 305. Pretrial Discovery and Inspection

(E) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

The Commonwealth has appealed from the order of the lower court refusing to allow Peter Riberio to testify and Terrence Nacrelli has cross appealed from the lower court's refusal to dismiss all of the charges against him. In its opinion the court below stated, "Therefore, the court believes that the best and real remedy is under Section 305(e) [sic] of the Criminal Rules of the Supreme Court on Pre–trial Procedures, '(e)' [sic] covering the remedy. In effect, this paragraph says that the court may prohibit such party, that

is, *a party who is at fault,* from introducing evidence not disclosed, or the court may enter such other order as it deems just under the circumstances." (Emphasis added.) We note that the court below imposed a sanction against the Commonwealth as "a party who is at fault" for not permitting the full cross examination of Riberio. The Commonwealth did not in any way prohibit Riberio from testifying fully at the pretrial hearing, rather Riberio refused to testify because of the advice of his own private attorney. Even if Pa.R.Crim.P. 305(E) were applicable, and we find that it does not apply in the circumstances of this case, the sanction was imposed against the wrong party.

On appeal, the Commonwealth concedes that at the preliminary hearing there was an effective denial of right of cross examination as to the witness Peter Riberio. However, the Commonwealth contends that nevertheless Nacrelli was not denied an effective preliminary hearing. We agree with this contention. At the preliminary hearing testimony was given not only by Peter Riberio, but also by Patrolman Gerald Durbano. Officer Durbano testified that when he arrived at the scene other police were already there. When he entered the men's room he found Mr. Nacrelli on top of Peter Riberio. Michael Riberio, Peter Riberio's brother, was also involved in this incident. The officer observed that Peter Riberio's face and nose were "pretty well cut open." The police officer testified that Peter Riberio and Mr. Nacrelli were both struggling with one another on the floor (N.T. 15A). The officer testified there was glass and blood all over the place. (N.T. 22A).

█ A preliminary hearing is not a trial; the purpose is solely to determine whether a prima facie case has been made out against the accused. *Commonwealth v. Smith,* 232 Pa.Super. 546, 548, 334 A.2d 741, 742 (1975). A preliminary hearing's principal function is to protect an accused's right against an unlawful detention. *Commonwealth v. DeCosey,* 246 Pa.Super. 412, 416, 371 A.2d 905, 907 (1977). The Commonwealth admits that apart from Riberio's testimony it could not prove the charge of aggravated assault against

Nacrelli. There were apparently no witnesses present at the time Nacrelli allegedly cut Riberio's face other than Peter Riberio (the victim) and Nacrelli. However, other testimony at the preliminary hearing apart from Riberio's established a prima facie case with respect to the other crimes charged.

■ The privilege against self incrimination is accorded liberal construction in favor of the right it was intended to secure and it may be claimed when a witness has a reasonable cause to apprehend danger from answering questions put to him. *Commonwealth v. Rodgers*, 472 Pa. 435, 456, 372 A.2d 771, 780-1 (1977). Notwithstanding that Riberio may have waived his privilege against self incrimination by testifying at the preliminary hearing, he decided not to answer further questions put to him by counsel for Nacrelli during an extensive cross examination, and this was done by Riberio on the advice of his own counsel. Whether he waived his privilege against self incrimination at the preliminary hearing is not at issue as the fact remains that he did not testify fully on cross examination. Nacrelli's scope of cross examination was limited at the pretrial hearing and therefore Riberio's testimony could not be used against him. *See Commonwealth v. Britton*, 251 Pa.Super. 335, 380 A.2d 807 (1977).

■ We are faced with the novel issue of a victim who is also a defendant testifying against another defendant at a pretrial hearing and refusing to submit to complete cross examination by invoking his privilege not to testify against himself. Subsequently, we have the court ordering the recalcitrant witness not to testify in a subsequent trial against the defendant. We are faced with the anomalous situation of a court ordering a person not to do something which he has indicated that he will not do. The court further has based its order on a discovery rule which has nothing to do with pretrial hearings. Neither counsel for the Commonwealth nor counsel for Mr. Nacrelli have cited any cases that assist us in the determination of the issue. However, we believe that the court below improperly ap-

plied Pa.R.Crim.P. 305(E)[1] as a sanction against the Commonwealth which had nothing to do with Peter Riberio refusing to testify on cross examination. We also find that the order in this case is premature as the indications are that Mr. Riberio has no intention of testifying at the trial of Mr. Nacrelli. If Mr. Riberio attempts to testify at the Nacrelli trial, the situation can be dealt with when it arises.

The contention of appellant, Nacrelli, that all charges against him should be dismissed is without merit. The testimony at the preliminary hearing, apart from the testimony of Peter Riberio, established a prima facie case against Nacrelli of the charges against him other than aggravated assault.

Order reversed with directions that trial may proceed on charges other than aggravated assault. If the Commonwealth desires to proceed with charges of aggravated assault, a new preliminary hearing will be required.

---

1. Our research has disclosed no cases interpreting Pa.R.Crim.P. 305(E) which became effective January 1, 1978.