610 A.2d 970

**COMMONWEALTH of Pennsylvania**

v.

**Matthew H. ROGERS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 1992.

Filed June 8, 1992.

Reargument Denied Aug. 18, 1992.

60

Robert B. McGuinness, Towanda, for appellant.

Robert Fleury, Asst. Dist. Atty., Troy, for Com., appellee.

Before DEL SOLE, HUDOCK and HOFFMAN, JJ.

DEL SOLE, Judge:

This is an appeal from an order of the Court of Common Pleas of Bradford County denying and dismissing Appellant's Motion to Dismiss on Double Jeopardy Grounds. Appellant, Matthew Rogers, was charged with two motor vehicle code violations, Driving Under the Influence of Alcohol (75 Pa.C.S.A. § 3731(a)(1) and (4)), a misdemeanor charge, and Vehicle Turning Left (75 Pa.C.S.A. § 3322), a summary offense. At a Preliminary Hearing before the magistrate it was determined that the Commonwealth did not establish a *prima facie* case. Therefore, Appellant was discharged. Ten days later, a second complaint was filed, charging him with the same offenses. On this occasion, the magistrate bound the charges over to the Court of Common Pleas. Appellant filed an Omnibus Pretrial Motion which included a Motion to Dismiss the DUI prosecution on grounds of double jeopardy. He argued that the discharge of the first criminal complaint was effectively an acquittal of the included summary offense, and, therefore, the accompanying DUI charge which arose from the same conduct was barred. The trial court denied and dismissed Appellant's motion, concluding that the discharge from the pendant summary offense did not amount to an acquittal for double jeopardy purposes. Appellant appealed from the order and filed an Application for Stay Pending Appeal, which was denied by both the trial court and this court. Appellant was then placed on Accelerated Rehabilitative Disposition, and the Commonwealth moved to quash this

appeal on the grounds that the ARD order rendered the appeal moot. The Commonwealth's motion was denied. For the following reasons, we affirm the order of the trial court.

■ Appellant advances several arguments on appeal. First, in answer to the Commonwealth's Motion to Quash, he claims that his acceptance into an ARD program is not the equivalent of an acquittal. We agree. Initially, we note that the ARD order was entered while this appeal was pending. It is well established that "once a party takes an appeal to an appellate court the trial court is divested of jurisdiction over the subject matter until further order of the appellate court reinstating jurisdiction." *Jones v. Trojak*, 402 Pa.Super. 61, 586 A.2d 397 (1990), citing *Bartle v. Bartle*, 304 Pa.Super. 348, 450 A.2d 715 (1982). Therefore, because the trial court in the instant case was without jurisdiction to enter the ARD order, such order is a nullity and the Commonwealth's Motion to Quash was properly denied. Even if the ARD order was valid, however, the possibility of prosecution on the charges would still exist if Appellant did not successfully complete the program, and he would continue to have a stake in the outcome of this appeal; therefore, it would not be moot. Also, we note that Appellant would continue to have a liberty interest at stake, regardless of whether he successfully completed the ARD program. While Appellant could still be prosecuted if he failed to successfully complete the ARD program, even upon successful completion, the DUI charge would still be considered a first conviction for the purpose of computing sentencing for subsequent violations. 75 Pa.C.S.A. § 3731(e)(2). Therefore, this appeal is properly before this court.

■ This case presents a situation where a summary offense and a misdemeanor arising from the same set of facts, are charged in a single criminal complaint. This criminal complaint is dismissed at a preliminary hearing by a magistrate, because the Commonwealth failed to present a prima facie case. Appellant would have us hold that when such charges arise from the same episode, since

magistrates have jurisdiction to adjudicate summary offenses, the dismissal of a criminal complaint that includes a summary offense and a "Court Case"[1] implicates double jeopardy.

 Initially, we note that the purpose of a preliminary hearing in a court case is not to decide guilt or innocence; but rather to determine whether the Commonwealth has presented a prima facie case which is legally sufficient to hold the accused for court. *Commonwealth v. McBride*, 528 Pa. 153, 595 A.2d 589, 592 (1991); Pa.R.Crim.P. 143. Thus, the standard of proof for the Commonwealth is merely to establish a prima facie case (i.e., that a crime has been committed and that the accused is probably the one who committed it), and there is no requirement that the Commonwealth establish the accused's guilt beyond a reasonable doubt at this stage. *Id.*, 528 Pa. at 157–58, 595 A.2d at 591. Furthermore, jeopardy ordinarily does not attach until *after* a prima facie case has been established by the prosecution at the preliminary hearing, *Commonwealth v. Genovese*, 493 Pa. 65, 425 A.2d 367 (1981), and a finding by a magistrate that a prima facie case has not been established is not a final determination, such as an acquittal, and the accused is subject to rearrest on the same charges. *Commonwealth v. Weitkamp*, 255 Pa.Super. 305, 341, 386 A.2d 1014, 1031, 1033 (1978).

In a hearing on a summary offense, however, the function of the magistrate and the determination which takes place differs from a preliminary hearing. In a summary case:

> If the defendant pleads guilty, the issuing authority shall impose sentence. If the defendant pleads not guilty, the issuing authority shall try the case in the same manner as the trials in criminal cases are conducted in the court of common pleas ...

Pa.R.Crim.P. 83(b).

When considering a Court Case, the role of the magistrate is to determine if a *prima facie* case exists. A

---

1. Court Case is defined in Pa.R.Crim.P. 3(g).

magistrate can only hold a defendant for court or discharge the defendant. See Pa. Rule of Criminal Procedure 143. The discharge of a Court Case at a preliminary hearing is not a determination of guilt or innocence on the included summary offenses. Therefore, the appellant's double jeopardy claim must fail since he had not been acquitted of the summary offense by the actions of the magistrate at the first preliminary hearing.[2]

We deny the Commonwealth's Motion to quash this appeal and affirm the decision of the trial court denying Appellant's Motion to Dismiss on Double Jeopardy Grounds.

---

**2.** Because of our disposition of this issue, we need not analyze whether the summary offense charged includes the type of criminal conduct that would implicate double jeopardy.