640 A.2d 1326

**COMMONWEALTH of Pennsylvania,**

**v.**

**David Todd JACOBS, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 8, 1994.

Filed April 20, 1994.

412

Michael Bangs, Lemoyne, for appellant.

Alison Taylor, Asst. Dist. Atty., Carlisle, for Com., appellee.

Before WIEAND, McEWEN and SAYLOR, JJ.

WIEAND, Judge:

In this "drunk driving" case, the district justice, following a preliminary hearing, dismissed a charge of violating 75 Pa.C.S. § 3731(a)(4) and returned to court for trial a charge of violating 75 Pa.C.S. § 3731(a)(1). The district attorney thereafter prepared an information charging violations of both subsections of the statute, and the jury which heard the evidence found the defendant guilty of violating 75 Pa.C.S. § 3731(a)(4). On appeal, the defendant argues that he should not have been tried for violating 75 Pa.C.S. § 3731(a)(4) without being re-arrested and given another preliminary hearing. This argument, although interesting, does not entitle the defendant to post-trial relief.

David Todd Jacobs was arrested on May 25, 1991, and charged with driving while under the influence of alcohol pursuant to 75 Pa.C.S. § 3731(a)(1) and (a)(4).[1] A preliminary

1. Section 3731 of the Vehicle Code provides, in pertinent part:

hearing was held on July 10, 1991, at which the district justice determined that the Commonwealth had presented prima facie evidence that Jacobs had violated subsection (a)(1) of the drunk driving statute, but had failed to establish a prima facie case under subsection (a)(4). Therefore, only the charge under subsection (a)(1) was bound over for court; and the district justice dismissed the charge under subsection (a)(4). Subsequently, the district attorney filed a criminal information charging Jacobs with violating both subsections (a)(1) and (a)(4) of 75 Pa.C.S. § 3731. Jacobs filed a pre-trial motion to quash the information on grounds that the charge under subsection (a)(4) had been dismissed at his preliminary hearing. When this motion was denied, Jacobs proceeded to trial before a jury, which found him guilty of violating 75 Pa.C.S. § 3731(a)(4).[2] Jacobs then filed a post-trial motion in arrest of judgment, which was denied following argument before a court en banc. Jacobs was sentenced to serve a term of imprisonment for not less than forty-eight (48) hours nor more than twenty-three (23) months and to pay a fine and the costs of prosecution. This appeal followed.

■ On appeal, Jacobs argues that, because the charge of drunk driving under subsection (a)(4) was dismissed at his preliminary hearing for lack of prima facie evidence, the Commonwealth, if it desired to pursue a charge under subsection (a)(4), was required to refile the charge before a district justice to determine whether prima facie evidence existed sufficient to compel him to stand trial thereon. Because no finding of a prima facie case to support the charge under subsection (a)(4) had ever been made, appellant asserts, judg-

> (a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle:
> (1) while under the influence of alcohol to a degree which renders the person incapable of safe driving; [or]
> . . . .
> (4) while the amount of alcohol by weight in the blood of the person is 0.10% or greater.
> 75 Pa.C.S. § 3731(a)(1) and (a)(4).

**2.** On the charge that Jacobs had violated 75 Pa.C.S. § 3731(a)(1), the jury was unable to reach a verdict; and, therefore, a mistrial was declared with respect to that charge.

ment on his conviction for that charge should be arrested and he should be discharged with prejudice. For its part, the Commonwealth takes the position that, because the charges of drunk driving under subsections (a)(1) and (a)(4) involved cognate offenses, Pa.R.Crim.P. 225(b)(5) permitted the inclusion in the criminal information of a charge under subsection (a)(4). We will consider these arguments carefully in order to determine whether appellant should have been afforded a second preliminary hearing on the charge under 75 Pa.C.S. § 3731(a)(4).

■ "There is no constitutional right, federal or state, to a preliminary hearing." *Commonwealth v. Ruza,* 511 Pa. 59, 64, 511 A.2d 808, 810 (1986). See also: *Commonwealth ex rel. Buchanan v. Verbonitz,* 525 Pa. 413, 419, 581 A.2d 172, 175 (1990) (Flaherty, J., concurring), *cert. denied,* 499 U.S. 907, 111 S.Ct. 1108, 113 L.Ed.2d 217 (1991); *Commonwealth v. Mayberry,* 459 Pa. 91, 103, 327 A.2d 86, 92 (1974). Rather, a defendant's right to a preliminary hearing is conferred by the Rules of Criminal Procedure. See: Pa.R.Crim.P. 141. See also: *Commonwealth ex rel. Fitzpatrick v. Mirarchi,* 481 Pa. 385, 392–393, 392 A.2d 1346, 1349 (1978); *Commonwealth v. Jennings,* 405 Pa.Super. 590, 594, 592 A.2d 1370, 1372 (1991) (en banc). The purpose of a preliminary hearing has been described by the Supreme Court in the following manner:

> The preliminary hearing is not a trial. The principal function of a preliminary hearing is to protect an individual's right against an unlawful arrest and detention. *Commonwealth v. Mullen,* 460 Pa. 336, 333 A.2d 755 (1975). At this hearing the Commonwealth bears the burden of establishing at least a **prima facie** case that a crime has been committed and that the accused is probably the one who committed it. *Commonwealth v. Prado,* 481 Pa. 485, 393 A.2d 8 (1978); Pa.R.Crim.P. 141(d). It is not necessary for the Commonwealth to establish at this stage the accused's guilt beyond a reasonable doubt. *Commonwealth v. Rick,* 244 Pa.Super. 33, 366 A.2d 302 (1976). In order to meet its burden at the preliminary hearing, the Commonwealth is required to present evidence with regard to each of the material elements of

the charge and to establish sufficient probable cause to warrant the belief that the accused committed the offense. *Commonwealth v. Wojdak,* 502 Pa. 359, 466 A.2d 991 (1983).

*Commonwealth v. McBride,* 528 Pa. 153, 157–158, 595 A.2d 589, 591 (1991). See also: *Commonwealth v. Rogers,* 416 Pa.Super. 59, 63, 610 A.2d 970, 972 (1992); *Commonwealth v. Nacrelli,* 280 Pa.Super. 338, 342, 421 A.2d 752, 754 (1980).

■ "A finding by a committing magistrate that the Commonwealth has failed to establish a prima facie case is not a final determination, such as an acquittal, and only entitles the accused to his liberty for the present, leaving him subject to rearrest." *Commonwealth v. Hetherington,* 460 Pa. 17, 22, 331 A.2d 205, 208 (1975). See also: *Commonwealth v. Genovese,* 493 Pa. 65, 69 n. 7, 425 A.2d 367, 369 n. 7 (1981); *Commonwealth v. Cartagena,* 482 Pa. 6, 14–15, 393 A.2d 350, 354 (1978); *Commonwealth v. Chermansky,* 381 Pa.Super. 129, 131, 552 A.2d 1128, 1129 (1989). In this regard, the Supreme Court "has acknowledged that re-arrest is the appropriate procedure and the Commonwealth's only recourse where charges are dismissed and the defendant discharged upon a finding of a lack of a prima facie case since such a determination is interlocutory in nature and, therefore, not appealable." *Commonwealth ex rel. Fitzpatrick v. Mirarchi, supra,* 481 Pa.Super. at 390, 392 A.2d at 1348. See: *Commonwealth v. Hetherington, supra; Riggins Case,* 435 Pa. 321, 254 A.2d 616 (1969). Pursuant thereto "[t]he prosecution may bring the matter again before any other officer empowered to hold a preliminary hearing." *Commonwealth v. Prado,* 481 Pa. 485, 487, 393 A.2d 8, 9 (1978). See also: *Liciaga v. Court of Common Pleas of Lehigh County,* 523 Pa. 258, 266–267, 566 A.2d 246, 249–250 (1989); *Commonwealth v. Jones,* 429 Pa.Super. 601, 605–608, 633 A.2d 185, 187–188 (1993); *Commonwealth v. Shoop,* 420 Pa.Super. 606, 609, 617 A.2d 351, 353 (1992).

■ In the instant case, however, the Commonwealth proceeded, pursuant to Pa.R.Crim.P. 225(b)(5), by adding the charge of drunk driving under 75 Pa.C.S. § 3731(a)(4) to the

information, which also charged a violation of 75 Pa.C.S. § 3731(a)(1). It did so on grounds that, since the offenses were cognate, both could be charged in the information based upon the finding that prima facie evidence existed to prosecute appellant generally for driving while under the influence of alcohol.

Pa.R.Crim.P. 225(b)(5) provides:

(b) The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:

. . . .

(5) a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint.

"Rule 225(b)(5) does not require that the crime charged in the Information be identical to that charged in the Complaint as long as the charge is cognate to the one laid in the Complaint." *Commonwealth v. Donaldson*, 339 Pa.Super. 237, 239, 488 A.2d 639, 640 (1985). See also: *Commonwealth v. Wilkinson*, 278 Pa.Super. 490, 500, 420 A.2d 647, 652 (1980); *Commonwealth v. El*, 273 Pa.Super. 1, 9, 416 A.2d 1058, 1062 (1979). This is so because "[a] defendant cannot be required to answer a charge different from or unrelated to the one for which he was arrested and held to bail." *Commonwealth v. Taylor*, 324 Pa.Super. 420, 429, 471 A.2d 1228, 1232 (1984). See also: *Commonwealth v. Musto*, 348 Pa. 300, 302–303, 35 A.2d 307, 309 (1944); *Commonwealth v. Wilkinson, supra* at 497–498, 420 A.2d at 650–651.

In *Commonwealth v. Slingerland*, 358 Pa.Super. 531, 518 A.2d 266 (1986), the defendant was charged with drunk driving under subsection (a)(1). A preliminary hearing was held and the charge was held over for court. Thereafter, the Commonwealth filed an information charging the defendant with drunk driving under both subsections (a)(1) and (a)(4). The defendant was tried and found guilty of violating subsection (a)(4), but acquitted by the jury on the charge that he had violated subsection (a)(1). On appeal, the Superior Court held that the

drunk driving offenses set forth in subsections (a)(1) and (a)(4) were cognate and that, therefore, the district attorney could properly add the charge under subsection (a)(4) to the information, even though the offense had not been charged in the complaint.

A majority of the trial court in this case found *Slingerland* to be dispositive. Appellant argues, however, that *Slingerland* is not controlling because, in that case, the charge of drunk driving under subsection (a)(4) had not been presented at the preliminary hearing and had not been found to be lacking in evidentiary support. In rejecting appellant's argument, the trial court reasoned as follows:

> An offense is either cognate to another offense *at the time the criminal conduct takes place* or it is not. Since the Superior Court has held that subsection (a)(1) and (a)(4) offenses are cognate, then the fact that the District Justice dismissed the subsection (a)(4) charge, in contrast to where that charge was not originally filed in *Slingerland,* is a distinction of no *legal* significance. The cognate offense never had to be filed in the first place *as long as* the subsection (a)(1) offense was bound over by the District Justice. Since it was bound over, the District Attorney legally added a subsection (a)(4) offense to the information exactly as in *Slingerland.* Accordingly, our pretrial order refusing to quash the information on the subsection (a)(4) violation was properly entered, and defendant is not now entitled to an arrest of judgment of his conviction on that charge.

*Commonwealth v. Jacobs,* 42 Cumb.L.J. 342, 346 (Cumberland Co., 1993) (en banc) (footnotes omitted).

After careful review, we agree with the trial court. The Commonwealth was not required to re-arrest appellant on the charge of violating 75 Pa.C.S. § 3731(a)(4) and again take that charge before a district justice for a determination of the existence of prima facie evidence. Pursuant to Pa.R.Crim.P. 225(b)(5), the Commonwealth could properly include the charge under subsection (a)(4) in the same criminal information in which appellant was charged with the cognate offense

of drunk driving in violation of subsection (a)(1) of 75 Pa.C.S. § 3731. After the Commonwealth had established a prima facie case under subsection (a)(1), it could thereafter include a charge for the cognate offense of violating subsection (a)(4) in the same criminal information, even though it had been unable to establish a prima facie case for that charge at appellant's preliminary hearing.

We are guided by the decision of the Superior Court in *Commonwealth v. Epps*, 260 Pa.Super. 57, 393 A.2d 1010 (1978), where the Court rejected a claim that the defendant's due process rights had been violated when he was indicted by a grand jury for robbery after the magistrate at his preliminary hearing had dismissed the robbery charge and substituted a charge of attempted robbery. The defendant argued that the magistrate's dismissal of the robbery charge for lack of prima facie evidence had precluded the Commonwealth from presenting the same charge to a grand jury for indictment and required that he be re-arrested and given a new preliminary hearing on the robbery charge. In rejecting this argument, the Superior Court reasoned as follows:

> Appellant's reliance on cases such as *Commonwealth v. Nelson*, 230 Pa.Super. 89, 326 A.2d 598 (1974), and *Riggins Case*, 435 Pa. 321, 254 A.2d 616 (1969), is misplaced. In *Riggins*, the suspect was charged with murder but subsequently discharged at the preliminary hearing on the failure of the Commonwealth to establish a **prima facie** case. Our supreme court ruled that the only alternative for the Commonwealth, when it believes a defendant has been improperly discharged by the committing magistrate, is to have the defendant re-arrested and taken before another magistrate. This, however, is necessary only when all charges have been dismissed and no **prima facie** case established. It does not encompass situations, such as the instant case, in which a **prima facie** case has been established and a cognate crime is substituted in the indictment.

*Commonwealth v. Epps, supra,* 260 Pa.Super. at 61, 393 A.2d at 1012.

Similarly in the instant case, all of the charges against appellant were not dismissed at his preliminary hearing. In-

420

stead, the Commonwealth established a prima facie case that appellant had violated 75 Pa.C.S. § 3731(a)(1) by driving while under the influence of alcohol. Under these circumstances, even though the Commonwealth failed to establish a prima facie case under 75 Pa.C.S. § 3731(a)(4), the district justice's dismissal of that charge did not preclude the inclusion of the charge in the criminal information which also charged appellant with violation of 75 Pa.C.S. § 3731(a)(1).

Even if we were to hold that the Commonwealth was required to re-arrest appellant for drunk driving under 75 Pa.C.S. § 3731(a)(4) and afford him a new preliminary hearing on that charge, it does not follow that, after being tried by a jury and found guilty beyond a reasonable doubt of violating 75 Pa.C.S. § 3731(a)(4), appellant is now entitled to have his conviction set aside. It is well settled that "once a defendant has gone to trial and been found guilty of a crime, any defect in the preliminary hearing is rendered immaterial." *Commonwealth v. Worrall,* 415 Pa.Super. 478, 479, 609 A.2d 851, 852 (1992). See also: *Commonwealth v. McCullough,* 501 Pa. 423, 427, 461 A.2d 1229, 1231 (1983); *Commonwealth v. Tyler,* 402 Pa.Super. 429, 433, 587 A.2d 326, 328 (1991); *Commonwealth v. Troop,* 391 Pa.Super. 613, 620, 571 A.2d 1084, 1088 (1990). Where, as in the instant case, "it is determined at trial that the evidence of the Commonwealth is sufficient to be submitted to the jury, then any deficiency in the presentation before the district justice would have been harmless." *Commonwealth v. Hess,* 489 Pa. 580, 590, 414 A.2d 1043, 1048 (1980). See also: *Commonwealth v. Cassidy,* 423 Pa.Super. 1, 5–6, 620 A.2d 9, 11 (1993); *Commonwealth v. Taylor,* 408 Pa.Super. 121, 126–127, 596 A.2d 222, 224–225 (1991); *Commonwealth v. Lyons,* 390 Pa.Super. 464, 468, 568 A.2d 1266, 1268 (1989).

The judgment of sentence is affirmed.