J-A10014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ISAAC CARMICHAEL | : | |
| | : | |
| Appellant | : | No. 1824 EDA 2021 |

Appeal from the PCRA Order Entered August 13, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008846-2013

BEFORE:   PANELLA, P.J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED JULY 18, 2023**

Isaac Carmichael appeals from the order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. Carmichael argues that his counsel was ineffective for failing to file a *habeas corpus* motion after the preliminary hearing, file a Pa.R.Crim.P. 600 motion, properly cross-examine the victim, and object to the introduction of a surveillance video; the evidence was insufficient to support his convictions; the verdict was against the weight of the evidence; and the sentence was illegal and the trial court failed to consider various factors, including Carmichael's rehabilitative needs, in imposing the sentence. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

On June 2, 2013, Carmichael shot a gun multiple times at people at the intersection of 6th and South Streets in Philadelphia. Sergeant Dominick Cole and Officer Matthew White responded to the scene. Thereafter, Carmichael fired a shot at the responding officers. The officers chased Carmichael down, arrested him, and charged him with numerous crimes, including aggravated assault and assault of a law enforcement officer arising out the shot fired toward Sergeant Cole.[1]

The charges were held for court on July 10, 2013. Subsequently, on September 16, 2013, Carmichael filed a motion to continue based upon his counsel's lack of availability. The matter was continued until September 23, 2013, when a pre-trial conference was held. On October 10, 2013, Carmichael again sought a continuance for a possible "non-trial disposition." The matter was continued until November 18, 2013. Carmichael then sought a continuance on November 19, 2013, to obtain a psychiatric evaluation to determine whether he was competent to testify. On June 9, 2014, at a status conference, Carmichael sought another continuance to hire an expert for a mental health evaluation. To complete this evaluation, Carmichael requested, and the trial court granted, multiple continuances until June 11, 2015.

_____

[1] The Commonwealth charged and convicted Carmichael with multiple other offenses at case number CP-51-CR-0008845-2013, but Carmichael did not appeal those convictions. Carmichael only appealed his judgment of sentence and filed the instant PCRA petition from the convictions relating to Sergeant Cole.

The matter proceeded to a jury trial on June 15, 2015. Notably, a security camera video, which captured certain aspects of the incident, was admitted at trial. The jury found Carmichael guilty of aggravated assault and assault of a law enforcement officer. Ultimately, the trial court sentenced Carmichael to 20 to 40 years in prison for the assault of a law enforcement officer and a concurrent prison term of 5 to 10 years for the aggravated assault conviction. This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal. *See Commonwealth v. Carmichael*, 433 EDA 2016 (Pa. Super. filed Feb. 9, 2018) (unpublished memorandum), *appeal denied*, 189 A.3d 389 (Pa. 2018).

In June 2019, Carmichael, *pro se*, filed a timely PCRA petition, and following the appointment of counsel, an amended PCRA petition. The PCRA court held an evidentiary hearing, after which it dismissed Carmichael's PCRA petition. This timely appeal followed.

On appeal, Carmichael raises the following questions for our review:

1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that trial counsel was ineffective for failing to protect [Carmichael's] constitutional rights to a speedy trial, his right to adequately confront the witnesses against him, and his procedural and substantive due process rights[?]

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish violations of [Carmichael's] constitutional rights under the United States and Pennsylvania Constitutions[?]

3. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish

- 3 -

that the trial court issued an illegal sentence by imposing a sentence in excess of the statutory maximum based on the evidence presented at trial, and because the court did not consider the protection of the public, the gravity of the offense as it relates to the victim and the community, the rehabilitative needs of [Carmichael], and the sentencing guidelines[?]

Appellant's Brief at 8.

Our standard of review regarding a PCRA court's order "is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citation omitted).

In his first claim, Carmichael raises four distinct ineffective assistance of trial counsel claims. *See* Appellant's Brief at 13-16. To succeed on an ineffectiveness claim, Carmichael must demonstrate by a preponderance of evidence that "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction." *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018) (citation omitted). Counsel is presumed to be effective, and the burden is on Carmichael to prove otherwise. *See Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See Commonwealth v. Montalvo*, 244 A.3d 359, 368 (Pa. 2021).

We will address each of Carmichael's claims in turn. First, Carmichael contends that trial counsel failed to file a *habeas corpus* motion after the preliminary hearing. *See* Appellant's Brief at 14. Carmichael argues that trial counsel's failure satisfied the "arguable merit and reasonableness requirements." *Id.* Carmichael asserts that the failure to file this motion established his due process rights were violated. *See id.* According to Carmichael, he was prejudiced by counsel's failure because it adversely affected the outcome of the trial. *See id.* at 16.

Here, Carmichael cites the three prongs of the ineffectiveness test and merely provides conclusory statements that counsel was ineffective. *See Commonwealth v. Spotz*, 896 A.2d 1191, 1250 (Pa. 2006) ("[B]oilerplate, undeveloped" arguments regarding ineffective assistance of counsel are "insufficient to establish an entitlement to post-conviction relief." (citation omitted)). In fact, Carmichael fails to support his argument with citation to and discussion of relevant case law. "When an appellant cites no authority supporting an argument, this Court is inclined to believe there is none." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 781 (Pa. Super. 2015) (citing Pa.R.A.P. 2119(a), which requires the appellant to discuss and cite to pertinent authorities). Therefore, Carmichael waived this ineffectiveness claim. *See Commonwealth v. Paddy*, 15 A.3d 431, 444 (Pa. 2011) (stating that when an appellant fails "to set forth all three prongs of the ineffectiveness test and [to] meaningfully discuss them, he is not entitled to relief, and we

are constrained to find such claims waived for lack of development") (citation omitted)). In any event, Carmichael cannot establish prejudice, as any issues arising from a pre-trial petition for *habeas corpus* become moot once the defendant has been convicted. ***See Commonwealth v. Jacobs***, 640 A.2d 1326, 1330 (Pa. Super. 1994).

Next, Carmichael argues that trial counsel was ineffective for not filing a motion to dismiss his case based on a violation of Pa.R.Crim.P. 600, noting that he waited over two years before his case proceeded to trial. ***See*** Appellant's Brief at 14, 16. Carmichael highlights that the trial court found the various continuances to have been requested by the defense. ***See id.*** at 14. Carmichael baldly claims he did not agree with counsel seeking the continuances. ***See id.***

Pertinently, Rule 600 provides that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). Further, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence," while "[a]ny other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1). "[T]he Commonwealth is required to demonstrate that it acted with due diligence during a time period before that period can be deemed excludable." ***Commonwealth v. Harth***,

252 A.3d 600, 617 (Pa. 2021). "Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." *Commonwealth v. Selenski*, 994 A.2d 1083, 1089 (Pa. 2010). However, in the context of a PCRA petition alleging ineffective assistance of counsel, the burden lies on Carmichael to establish that the Commonwealth did not exercise due diligence. *See Commonwealth v. Wiggins*, 248 A.3d 1285, 1289 (Pa. Super. 2021).

Here, in Carmichael's single paragraph argument, he does not establish that the Commonwealth failed to exercise due diligence when he sought the continuances. *See id.* at 1290-91 (noting that appellant's failure to establish that the Commonwealth did not exercise due diligence demonstrated that counsel was not ineffective by neglecting to file a Rule 600 motion). Carmichael merely opines he did not agree with the continuances without providing any proof supporting his claim. Based upon the paucity of his ineffectiveness claim, we conclude that this claim is waived.

Carmichael also contends that trial counsel was ineffective for failing to object to the introduction of the surveillance video at trial. *See* Appellant's Brief at 15. Carmichael asserts the video was introduced in violation of the best evidence rule. *See id.* Carmichael claims that he established the three prongs of the ineffectiveness test. *See id.* at 15, 16.

Again, Carmichael merely raises bald allegations of trial counsel's ineffectiveness and fails to satisfy any of the three prongs of the ineffectiveness test for counsel. Accordingly, we conclude that Carmichael's trial counsel ineffectiveness claim in this regard is waived. **See Paddy**, 15 A.3d 431, 444; **Spotz**, 896 A.2d at 1250.

Finally, Carmichael asserts that trial counsel was ineffective for failing to properly cross-examine Sergeant Cole. **See** Appellant's Brief at 15, 16. According to Carmichael, counsel failed to develop the record to place Sergeant Cole's credibility in question. **See id.** at 15. Carmichael claims that counsel should have asked Sergeant Cole if Carmichael looked in his direction or heard Sergeant Cole identify himself, which would have helped establish that he did not know he was shooting at a police officer. **See id.** Carmichael further alleges counsel failed to recall Sergeant Cole during his defense, despite Carmichael's pleas to do so. **See id.**

At trial, Carmichael's trial counsel cross-examined Sergeant Cole. **See** N.T., 6/16/15, at 85-100. Specifically, trial counsel asked Sergeant Cole whether Carmichael turned around and saw him during the chase, to which Sergeant Cole stated no. **See id.** at 89. Trial counsel elicited testimony from Sergeant Cole that he yelled "stop police," and that Carmichael was about one car length in front of Sergeant Cole. **See id.** at 90. Additionally, under cross-examination, Sergeant Cole conceded there were a row of cars between him and Carmichael when Carmichael shot his gun and that he did not see where

- 8 -

the shot went. *See id.* at 90-91; *see also id.* at 94 (wherein Sergeant Cole admitted that he did not see Carmichael with a gun but saw a muzzle flash).

Here, because trial counsel cross-examined Sergeant Cole and attacked his credibility, we conclude that Carmichael's underlying ineffectiveness claim lacks merit. *See Commonwealth v. Dennis*, 715 A.2d 404, 408-09 (Pa. 1998) (stating that trial counsel was not ineffective in failing to impeach a witness on specific grounds, where trial counsel adequately cross-examined the witness on other matters). Moreover, Carmichael does not establish that further cross-examination would have been helpful in disproving the Commonwealth's case or rebutting Sergeant Cole's testimony. In fact, Carmichael merely speculates that trial counsel's examination of Sergeant Cole would have changed the result of the trial. *See Spotz*, 896 A.2d at 1216 (noting that a petitioner cannot rely on mere conjecture and speculation to establish a claim of ineffectiveness). Therefore, we conclude that trial counsel did not render ineffective assistance, and Carmichael is not entitled to relief on any of his sub-claims of ineffective assistance of trial counsel.

Next, Carmichael asserts that the evidence was insufficient to support his convictions and the verdicts were against the weight of the evidence. *See* Appellant's Brief at 16-19. Carmichael argues that the evidence was insufficient to support his convictions because the Commonwealth failed to prove that he had knowledge that Sergeant Cole was a law enforcement officer or acted with an intent to cause bodily injury. *See id.* at 17-18. Likewise,

Carmichael claims that verdicts shock the conscience because of the lack of evidence establishing his intent to cause bodily injury or knowledge of the presence of a law enforcement officer. **See id.** at 19.

Critically, Carmichael's sufficiency and weight claims were raised on direct appeal. **See Carmichael**, 433 EDA 2016 (unpublished memorandum at 6-10 (addressing the sufficiency claim), 13-18 (addressing the weight challenge)). Therefore, Carmichael previously litigated these claims in this Court, and is ineligible for relief under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(3) (noting that to be eligible for relief under the PCRA, the petitioner must plead and prove that the "allegation of error has not been previously litigated"); **see also id.** § 9544(a)(2) (stating that an issue is deemed previously litigated if the highest court where review was due as a matter of right has reviewed the issue on the merits); **Commonwealth v. Postie**, 200 A.3d 1015, 1025 (Pa. Super. 2018) (*en banc*) ("Because the Superior Court is the highest court in which [a]ppellant was entitled to review **as a matter of right**, and he obtained merits review on his current claim of trial court error, [a]ppellant's underlying issue has been 'previously litigated' for purposes of the PCRA." (emphasis in original) (citation omitted)). Moreover, and in any event, these claims are not cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2); **see also Commonwealth v. Price**, 876 A.2d 988, 995 (Pa. Super. 2005) (rejecting a sufficiency claim that was raised on PCRA appeal without an ineffective assistance of counsel analysis because

it is not cognizable under the PCRA). Therefore, we cannot conclude the PCRA court erred in denying Carmichael any relief on either the sufficiency or weight of the evidence presented at trial.

In his final claim, Carmichael contends that his sentence for the assault of a law enforcement officer was illegal because it exceeded the maximum amount allowed by law. *See* Appellant's Brief at 19-20. Although the PCRA states that a challenge to the legality of sentence is cognizable in a timely PCRA petition, *see* 42 Pa.C.S.A. § 9543(a)(2)(vii), we note this Court previously rejected this specific claim on direct appeal. *See Carmichael*, 433 EDA 2016 (unpublished memorandum at 10-13); *see also id.* (unpublished memorandum at 13 ("[Carmichael's] sentence of twenty to forty years was both mandated and proper.")). Therefore, this claim was previously litigated, and we cannot grant any relief to Carmichael. *See* 42 Pa.C.S.A. § 9544(a)(2); *Postie*, 200 A.3d at 1025.

Carmichael also challenges the discretionary aspects of his sentence. *See* Appellant's Brief at 20. "Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA." *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007). Therefore, we cannot review this claim.

Since Carmichael has not established the PCRA court erred in rejecting his petition, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2023