J-S04042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| PHILIP NORDO | : | |
| Appellant | : | No. 1258 EDA 2023 |

Appeal from the Judgment of Sentence Entered December 16, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001856-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| PHILIP NORDO | : | |
| Appellant | : | No. 1259 EDA 2023 |

Appeal from the Judgment of Sentence Entered December 16, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004070-2021

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 25, 2025**

Philip Nordo appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after a jury convicted him of rape, involuntary deviate sexual intercourse (IDSI), sexual assault, attempted IDSI, attempted sexual assault, three counts of indecent assault, two counts of stalking, theft by deception, securing execution of documents by deception,

_____

*Retired Senior Judge assigned to the Superior Court.

and two counts of official oppression under CP-51-CR0001856-2019,[1] as well

as attempted institutional sexual assault, attempted indecent assault,

obstruction of the administration of law, and official oppression under CP-51 -

CR0004070-2021.[2]  Nordo challenges the court's rulings in declining to:

transfer venue, dismiss the grand jury indictments, exclude evidence, and

permit him to argue his chosen defense to the jury.  After careful review, we

affirm.

The trial court set forth the facts of this case as follows:

As a Philadelphia Police Homicide Detective, [Nordo] came in contact with [S.J.] during the course of the investigation into the murder of Philadelphia Police Officer Moses Walker.  [Nordo] pursued a relationship with [S.J.], allegedly as an informant. [Nordo] alternately intimidated [S.J.] with threats to arrest him and to cause [S.J.] to lose custody of his children, and also cajoled him with promises of employment and reward money.  [Nordo] met with [S.J.] twice in vehicles, where he intimidated [S.J.] into engaging in sexual contact.  [Nordo] subsequently met with [S.J.] in hotel rooms rented by [Nordo], where he compelled [S.J.] to engage in oral sex on one occasion and in anal intercourse on the second occasion, along with various other sexual contacts. [Nordo] also falsely initiated a claim for crime reward money to [S.J.] from the Mayor's Crime Reward Fund, by preparing a false memorandum claiming that [S.J.] assisted in [the] investigation and ultimate conviction of the killers of Officer Walker.  The claim was false because [S.J.] had provided no significant information or assistance in th[e Officer Walker murder] investigation or prosecution.  [Nordo] engineered this scheme to deceptively

_____

[1] 18 Pa.C.S. §§ 3121(a)(1), 3123(a)(1), 3124.1, 901(a)/3121(a)(1), 901/3124.1, 3126(a)(2), 2709.1, 3922(a)(1), 4114, and 5301(1), respectively.

[2] 18 Pa.C.S. §§ 901(a)/3124.2, 901(a)/3126, 5101, and 5301, respectively.

direct money to [S.J.] as part of his plan to control and sexually abuse [S.J.].

In the course of another homicide investigation, [Nordo] met [] [K.W.]. . . . During [one] meeting in [Nordo]'s car, a physical struggle ensued[,] during which [Nordo] touched [K.W.'s] penis and attempted to perform oral sex upon him, before [K.W.] was able to escape.

In 2015, [Nordo] participated in interviews of [K.F] []. On several occasions [Nordo] would take custody of [K.F.] from the Philadelphia County Prisons where he was incarcerated, and transfer him to the Homicide Unit at the Philadelphia Police Administration Building for investigatory interviews. During the times [Nordo] had [K.F.] in his custody, [Nordo] engaged [K.F.] in sexually explicit conversations unrelated to the criminal investigation, then attempted to touch[,] and did touch[, K.F.'s] penis while [K.F.] was handcuffed. [Nordo] also kissed [K.F.] in the elevator as they left the Police Administration Building. [Nordo] was dismissed from the Police Department in September of 2017 in connection with fraudulent redirection of reward funds. [K.F.] was released from prison in early 2018. [Nordo] continued his contact with [K.F.], falsely claiming that he had retired, giving [K.F.] and his family money and gifts, and taking them to dinner. [Nordo] also encouraged [K.F.] to leave Philadelphia, which [K.F.] did[.] In a conversation with [K.F.] after he had moved, [Nordo] told [K.F.] not to speak to police investigators if he was contacted.

Trial Court Opinion, 1/2/24, at 2-4.

Nordo proceeded to a jury trial on May 16, 2022, at the above-mentioned trial court dockets and was convicted on June 1, 2022, of the above-mentioned offenses. The trial court sentenced Nordo on December 16, 2022, after it deferred sentencing for preparation of presentence and mental health reports, to an aggregate term of 24½ to 49 years' incarceration. Nordo filed timely post-sentence motions on December 27, 2022. After counsel's withdrawal and the appearance of new counsel, the trial court permitted Nordo to filed supplemental post-sentence motions, which Nordo filed on March 24,

2023. On April 17, 2023, the court denied all post-sentence motions. Nordo filed a timely notice of appeal on May 10, 2023.

On May 23, 2023, the trial court entered an order on both dockets, ordering Nordo to file a concise statement pursuant to Pa.R.A.P. 1925(b) within 21 days of the entry of the order, further ordering Nordo to file a certification attesting that he has filed a transcript order form for all hearings related to the appeal within ten days, and providing Nordo with an additional 21-day period to file a supplemental Rule 1925(b) concise statement thereafter. Nordo failed to file any transcript order certification and only filed his Rule 1925(b) concise statement on June 20, 2023, after the court-ordered deadline.

Generally, a failure to file a timely court-ordered Rule 1925(b) concise statement results in waiver of all issues. *See Commonwealth v. Burton*, 973 A.2d 428, 432 (Pa. Super. 2009) (*en banc*). However, if the trial court's non-compliance with that Rule causes the party's non-compliance, courts have declined to find waiver; for instance, this Court declined to find waiver where, *inter alia*, the trial court's Rule 1925(b) order did not specify that the concise statement must be served on the judge pursuant to paragraph (b)(1) and only directed the appellant to file and serve the statement of record with the court. *See Commonwealth v. Jones*, 193 A.3d 957, 962 (Pa. Super. 2018). Similarly, this Court may decline to find waiver if the trial "court docket fails to indicate when, or even if, the order to file a statement was served on [the

a]ppellant as required by Pa.R.Crim.P. 114(C)(2)(c)." **Commonwealth v. Bush**, 197 A.3d 285, 287 (Pa. Super. 2018).

Here, although Nordo failed to timely file his court-ordered Rule 1925(b) concise statement, we decline to find waiver because the trial court's order stated that Nordo should "serve upon this [c]ourt and all parties" the ordered concise statement, but indicates nothing regarding service on the judge pursuant to paragraph (b)(1). Order, 5/23/23; **see also Jones**, **supra**. Also, the trial court dockets fail to reflect if the court's order to file a concise statement was ever served on Nordo. Accordingly, we decline to find waiver under these circumstances. **See Bush**, **supra**; **see also Commonwealth v. Hess**, 810 A.2d 1249, 1254 (Pa. 2002) (declining to find waiver where totality of evidence supported finding that appellant never received proper notice of court's Rule 1925(b) order).

This Court *sua sponte* consolidated Nordo's appeals on November 28, 2023. **See** Pa.R.A.P. 513. We then further granted the parties' numerous requested extensions of time in which to file their briefs. On July 19, 2024, this Court ordered the case remanded, while retaining jurisdiction, so that the trial court could author an additional Rule 1925(a) opinion concerning pre-trial matters adjudicated by the Honorable Donna M. Woelpper. The Honorable Giovanni O. Campbell, who presided over the trial, also filed a Rule 1925(a) opinion concerning the alleged errors that he oversaw as trial judge.

On appeal, Nordo raises the following issues for our review:

1. Did the [trial] court abuse its discretion when it refused to change [] Nordo's venue and venire because his case was subject to constant media scrutiny that was inflammatory[,] inculpatory, and sustained and pervasive in the community?

2. Did the [trial] court err when it denied [] Nordo's motion to dismiss the indictment[s]?

3. Did Judge Campbell repeatedly permit the Commonwealth to introduce hearsay evidence through Sergeant [Richard] Jones[,] even though Judge Woelpper ruled the evidence inadmissible and the evidence violated [] Nordo's right to confront his accusers?

4. Did the [trial] court [err when it] prohibited [] Nordo from employing his chosen defense, that [District Attorney Lawrence] Krasner was using his office to settle a vendetta and to appease his political base?

Appellant's Brief, at 4.

In his first issue on appeal, Nordo argues that the court erred when it failed to grant a requested change of venue because "[t]he pretrial publicity was so inflammatory and inculpatory, so sustained and pervasive, that the [trial] court should have presumed prejudice." *Id.* at 29. Nordo claims that Philadelphia's two major newspapers—the Inquirer and Daily News—published at least forty-seven articles discussing the allegations against him. *Id.* Nordo also attaches "Appendix D" to his brief, which contains "a list of articles from the two newspapers, listed in chronological order." *Id.* at n.13. Nordo complains that the various articles were prejudicial because they

included a quote from the Police Commissioner in which he apologized to the family of a victim in an investigation [] Nordo participated in. Mere days before jury selection, the Inquirer published an article detailing [S.J.'s] allegations from the hotel room, as well as evidence that was inadmissible at trial, such as [another alleged victim's] allegations from 2005[, which were not the basis of the charges against Nordo]. The same article noted

- 6 -

how critical the prosecution was to [District Attorney] Krasner's career and [] Nordo's intent to highlight that to the jury.

*Id.* at 30 (footnotes omitted). Nordo further complains that additional national news coverage of his case prejudiced him in the eyes of the potential jurors, because

The Washington Post published an article detailing allegations [which were not the basis of the charges against Nordo,] the grand jury presentment, and Judge [Diana L.] Anhalt's comments [regarding Nordo's] "outrageous misconduct" and "messed up" investigation tactics. The allegations garnered coverage from other national outlets, such as Oxygen and CBS News.

*Id.* at 31 (internal citations and footnote omitted).

Nordo argues that the pervasive and saturated nature of the pretrial publicity, which began in April 2017 and continued until jury selection commenced, on May 9, 2022, prejudiced him in the eyes of the jury. Nordo further claims that, due to the nature of media scrutiny in modern times— including on social media—the court was required to find presumed prejudice and grant his requested venue change.

Initially, we observe that the list of news articles that Nordo complains of and appends to his brief, at Appendix D, is not part of the certified record. Further, we note that the substance of the articles is also not part of the record. Under these circumstances, because Nordo's omission impedes appellate review—we have no news articles to review in the record—we conclude that this issue is waived.

It is beyond cavil that it is the appellant's duty to ensure the certified record is complete and contains all facts necessary for appellate review. ***See***

***Commonwealth v. Wrecks***, 931 A.2d 717, 722 (Pa. Super. 2007). Appellate courts do not rely on facts contained *dehors* the record, including assertions in an appellate brief. ***See Commonwealth v. Rush***, 959 A.2d 945, 949 (Pa. Super. 2008); ***see Commonwealth v. Kennedy***, 868 A.2d 582, 593 (Pa. Super. 2005) ("Any document which is not part of the official certified record is considered to be non-existent, which deficiency may not be remedied by inclusion in the reproduced record, and where a review of an appellant's claim may not be made because of such a defect in the record, we may find the issue waived.") (citation, quotation marks, and brackets omitted).

Here, the success of Nordo's claim depends on the allegedly prejudicial nature and substance of the news articles. ***See Commonwealth v. Nicoletti***, 328 A.3d 85, 90 (Pa. Super. 2024) ("Generally, media coverage on its own does not support a change of venue. Rather, a defendant bears the burden of establishing that the publicity related in actual prejudice that prevented the impaneling of an impartial jury.") (citation and quotation marks omitted). To evaluate if Nordo's claim has merit, this Court necessarily must review the content of those articles. Since Nordo has failed to include the articles and their contents in the certified record, those articles are considered non-existent. ***See Kennedy***, ***supra***; ***see also Rush***, ***supra***. Further, since our review is hampered by Nordo's omission of those documents, we are constrained to find Nordo's first issue on appeal waived. ***See Commonwealth v. Powell***, 956 A.2d 406, 423 (Pa. 2008) (claim that autopsy photograph was unduly prejudicial deemed waived because record

did not contain photograph and appellate court could not assess appellant's description and claim).

In Nordo's second claim on appeal, he complains that the trial court erroneously failed to dismiss the grand jury indictments. More specifically, Nordo claims that, during the grand jury proceedings, the prosecution engaged in prosecutorial misconduct by allegedly knowingly eliciting false testimony and failing to correct it and by withholding from the grand jury vital information, including complete information relating to the Officer Walker crime reward packets.

Pennsylvania Rule of Criminal Procedure 556.11 governs the procedure for proceedings before a grand jury. *See* Pa.R.Crim.P. 556.11. The comment to Rule 556.11 explains that a grand jury's indictment is treated the same as holding a defendant for trial following a preliminary hearing:

> When the grand jury votes to indict the defendant, **the vote to indict is the functional equivalent of holding the defendant for court following a preliminary hearing**. In these cases, the matter will proceed in the same manner as when the defendant is held for court following a preliminary hearing. *See, e.g.*, Rules 547 and 560.

> The indictment required by paragraph (C) no longer serves the traditional function of an indictment, but rather serves as an instrument authorizing the attorney for the Commonwealth to file an information. *See* Rule 103.

Pa.R.Crim.P. 556.11, cmt (emphasis added).

"[O]nce a defendant has gone to trial and been found guilty of the crime, any defect in the preliminary hearing is rendered immaterial." ***Commonwealth v. Fewell***, 654 A.2d 1109, 1112 (Pa. Super. 1995)

(citations and quotation marks omitted); *see also Commonwealth v. Jacobs*, 640 A.2d 1326, 1330 (Pa. Super. 1994) (same). Further, this Court has observed that, "[l]ogically, a new preliminary hearing is foolish once the evidentiary trial is completed without reversible error." *Commonwealth v. Murray*, 502 A.2d 624, 630 (Pa. Super. 1985).

Here, the grand jury approved the indictments, and a jury, after a twelve-day consolidated trial, convicted Nordo of the above-mentioned offenses. Accordingly, we conclude that Nordo's complained-of errors relating to the grand jury proceedings are now immaterial. *See Fewell*, *supra*. Thus, we conclude that Nordo is not entitled to any relief on his second issue on appeal.

In his third issue on appeal, Nordo argues that the trial court erroneously admitted evidence, thereby entitling him to a new trial. *See* Appellant's Brief, at 46-53. More specifically, Nordo complains that the court permitted Sgt. Jones to testify regarding other bad acts evidence, in violation of Pennsylvania Rule of Evidence 404(b), and contrary to Judge Woelpper's and Judge Campbell's prior rulings, in violation of the coordinate jurisdiction rule and the law of the case. Nordo further argues that Sgt. Jones' testimony consisted of hearsay, tended to show uncharged and unprosecuted conduct, and violated Nordo's constitutional right to confront his accusers. Nordo complains that, during Sgt. Jones' testimony, the court overruled seventeen of his objections relating to these complaints. Nevertheless, we conclude that Nordo's third

- 10 -

issue on appeal is waived for failure to properly develop it in his appellate brief, as discussed below.

We have previously explained that appellate claims must be properly developed with citations to authority and the record or they will be deemed waived:

> The Rules of Appellate Procedure require that appellants adequately develop each issue raised with discussion of pertinent facts and pertinent authority. *See* Pa.R.A.P. 2119. It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim. [*See*] *Commonwealth v. Mulholland*, [702 A.2d 1027, 1034 n.5 (Pa. 1997)]. Further, this Court will not become counsel for an appellant and develop arguments on an appellant's behalf. [*See*] *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014); *see also Commonwealth v. Love*, 896 A.2d 1276, 1287-88 (Pa. Super. 2006) (citing Pa.R.A.P. 2101) (defendant waived challenges to his sentence since he did not develop claim to make meaningful appellate review possible).

After our review, we observe that Nordo's brief complains of seventeen instances where the trial court overruled his objections, but he provides no analysis connecting each objection to the legal principle he claims applies to each objection. Although Nordo sets forth a correct general overview and explanation of the law, he fails to relate that summary to the specific objections he raises. We will not create Nordo's arguments for him. *See Gould*, *supra*. Since Nordo's failure to adhere to our appellate rules impedes this Court's meaningful review of the issues, we find this claim waived. *See Love*, *supra*; *see also Commonwealth v. Johnson*, 985 A.2d 915, 924

- 11 -

(Pa. 2009) ("where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived"). Accordingly, we conclude that Nordo's third issue on appeal is waived.

In his fourth and final issue on appeal, Nordo argues that he is entitled to a new trial because the court prevented him from presenting his chosen defense to the jury, in violation of his constitutional rights. ***See*** Appellant's Brief, at 53-57. More specifically, Nordo contends that he was entitled to argue to the jury that he was the victim of a vindictive prosecution[3] or a politically-motivated vendetta that was intended to appease D.A. Krasner's political base:

> [] Nordo chose to defend himself by alleging that the prosecution was personally and politically motivated. He intended to show the jury that he was the proverbial stone that D[.]A[.] Krasner

---

[3] In his reply brief, Nordo argues that his claim does not entail arguing a vindictive prosecution claim, but he appears to conflate vindictive prosecutions and selective prosecutions. ***See*** Appellant's Reply Brief, at 6-9; ***see also Commonwealth v. Kane***, 188 A.3d 1217, 1229 (Pa. Super. 2018) (distinguishing between vindictive prosecution and selective prosecution and noting that selective prosecution is complete defense to charge of criminal conduct, in which accused bears burden of pleading existence of specific elements of events). As Nordo correctly argues in his reply brief, selective prosecution is not at issue here. ***See*** Appellant's Reply Brief, at 7. More to the point, Nordo appears to concede that his claim is, in fact, a vindictive prosecution claim insofar as his Rule 1925(b) statement states that Nordo intended to argue to this Court on appeal that, "[t]he [trial c]ourt's ruling [erroneously] prohibited [] Nordo from presenting a defense **based on the vindictive**, malicious, and retaliatory prosecution that was motivated both by the politics and personal animus of the elected District Attorney." Pa.R.A.P. 1925(b) Concise Statement, 6/20/23, at 2 (unpaginated; emphasis added).

intended to kill two birds with; the prosecutor could settle a personal vendetta against [] Nordo and satisfy his political base at the same time.

Appellant's Brief, at 57.

This Court has previously explained that a vindictive prosecution argument is not appropriate for jury consideration and should only be decided by a judge. *See Kane*, *supra*, 188 A.3d at 1229 (vindictive prosecution claim is not defense on merits and not matter for presentation to jury). Our Supreme Court has further explained that prosecutorial vindictiveness is a question of law—unrelated to the defendant's guilt or innocence—to be decided by a judge:

> [t]he defense of prosecutorial vindictiveness is based upon the theory that due process prohibits a prosecutor from punishing a criminal defendant in retaliation for that defendant's decision to exercise a constitutional right. Like other questions of outrageous government conduct, a claim of prosecutorial vindictiveness is a question of law, not fact. The claim addresses itself to a constitutional defect in the institution of the prosecution. Such a claim is unrelated to the determination of guilt or innocence.

*Commonwealth v. Butler*, 601 A.2d 268, 270 (Pa. 1991) (citations omitted).

Here, we conclude that the court properly prevented Nordo from presenting a vindictive prosecution argument to the jury. *See Butler*, *supra*; *see also Kane*, *supra*. Thus, Nordo is not entitled to relief on his final claim on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/25/2025